UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

GUILLERMO CARRASCO,

    Plaintiff,

v.

123 WASH, INC. and CENTRAL
FLORIDA MOBILE WASH, INC.

    Defendants.
_____/

Case No.
6:15-cv-941-Orl-31-GJK

## COMPLAINT AND DEMAND FOR JURY TRIAL

Plaintiff, GUILLERMO CARRASCO ("Plaintiff"), by and through the undersigned counsel, hereby sues Defendants, 123 WASH, INC. and CENTRAL FLORIDA MOBILE WASH, INC. (collectively known as "Defendants"), and alleges as follows:

### JURISDICTION AND VENUE

1. This is an action for damages and for declaratory relief, under the Fair Labor Standards Act ("FLSA").

2. Venue lies within this Court because the events giving rise to this claim arose in this Judicial District.

### PARTIES

3. Plaintiff is a resident of Orange County, Florida.

4. Defendants are authorized and doing business in the State of Florida.

### GENERAL ALLEGATIONS

5. Plaintiff has satisfied all conditions precedent.

6. Plaintiff has hired the undersigned attorneys and agreed to pay them a fee.

7. Plaintiff requests a jury trial for all issues so triable.

8. At all times material hereto, Plaintiff was "engaged in the production of goods" for commerce within the meaning of Sections 6 and 7 of the FLSA, and subject to the individual coverage of the FLSA.

9. At all times material hereto, Plaintiff was an "employee" of Defendants within the meaning of the FLSA.

10. At all times material hereto, Defendants were an "employer" within the meaning of the FLSA.

11. Defendants continues to be an "employer" within the meaning of the FLSA.

12. At all times material hereto, Defendants were and continues to be an enterprise engaged in the "providing of services for commerce" within the meaning of the FLSA.

13. At all times material hereto, the work performed by the Plaintiff was directly essential to the business performed by the Defendants.

## FACTS

14. Plaintiff worked for Defendants from in September of 2014 until March of 2015.

15. Plaintiff was employed by Defendants as a non-exempt employee.

16. At all times material hereto, Plaintiff worked more than 40 hours/week and was not compensated in accordance with the FLSA for his overtime work. Plaintiff should have been compensated at the rate of one and one-half times his regular rates for those hours that Plaintiff worked in excess of 40 hours per week as required by the FLSA.

## COUNT I – FLSA OVERTIME VIOLATIONS

17. Plaintiff realleges and readopts the allegations of paragraphs 1 through 16 of this Complaint as though fully set forth herein.

18. During the statutory period, Plaintiff worked overtime hours while employed by Defendants and was not compensated for these hours in accordance with the FLSA.

19. As a result of the foregoing, Plaintiff has suffered damages.

**WHEREFORE**, Plaintiff demands:

a) Judgment against Defendants for an amount equal to Plaintiff's unpaid back wages at the applicable overtime rate.

b) Judgment against Defendants that its violations of the FLSA were willful;

c) An equal amount to the overtime damages as liquidated damages;

d) To the extent liquidated damages are not awarded, an award of prejudgment interest;

e) A declaration that Defendants' practices as to Plaintiff were unlawful and grant Plaintiff equitable relief;

f) All costs and attorney's fees incurred in prosecuting these claims; and

g) For such further relief as the Court deems just and equitable.

## JURY TRIAL DEMAND

Plaintiff demands trial by jury as to all issues.

Dated this 3rd day of June, 2015.

Respectfully submitted,

_____
**LUIS A. CABASSA**
Florida Bar Number: 0053643
**WENZEL FENTON CABASSA, P.A.**
1110 North Florida Avenue,
Suite 300
Tampa, Florida 33602
Main No.: 813-224-0431
Direct No.: 813-379-2565
Facsimile: 813-229-8712
E-mail: lcabassa@wfclaw.com
E-mail: mkimbrough@wfclaw.com
**Attorneys for Plaintiff**

3