# SETTLEMENT AGREEMENT AND GENERAL RELEASE

**THIS SETTLEMENT AGREEMENT AND GENERAL RELEASE** ("Agreement") is made and entered into by and between GUILLERMO CARRASCO ("Plaintiff" or "Carrasco") and 123 WASH, INC. and CENTRAL FLORIDA MOBILE WASH, INC. ("Defendants") (collectively "Parties").

**WHEREAS,** PLAINTIFF instituted the following civil action, Case No. 6:15-cv-941, in the District Court for the Middle District of Florida, for alleged violation of the Fair Labor Standards Act;

**WHEREAS,** the Parties wish to resolve this matter and avoid the disruption and expense of litigation;

**NOW, THEREFORE,** in consideration of the promises and mutual promises contained herein, it is agreed as follows:

1. This Agreement is not and shall not in any way be construed as an admission by any party of any wrongdoing or any violation of the Fair Labor Standards Act. The parties have entered into this agreement for the sole purpose of resolving the aforementioned civil litigation and to avoid the burden, expense, delay and uncertainties of litigation.

2. The Parties, through their counsel, agree to file a Joint Motion for Approval of this Settlement and Motion for Dismissal of this Action with Prejudice of Case No. 6:15-cv-941 which shall state that the Parties agree that the settlement represents a fair and reasonable estimate of monies owed to Plaintiff and separately negotiated fees to the Counsel for Plaintiff. The Parties further agree to file any other documents necessary to effect dismissal of this matter

3. In consideration of this Agreement, and in full and final settlement of any claims which were made by Plaintiff in the aforementioned lawsuit, Defendants shall make total payments of FIVE THOUSND DOLLARS ($5000.00), inclusive of all attorneys and costs, as follows:

   A. Payments to Plaintiff shall be made as follows:

   A payment of ONE THOUSAND DOLLARS ($1000.00) representing alleged unpaid wages made payable to Carrasco Payment to be made by Defendants within twenty (20) business days following receipt by Counsel for Defendants of an Order Approving this Agreement and Dismissing this Matter

   A payment of ONE THOUSAND DOLLARS ($1000) representing liquidated damages made payable to Carrasco. Payment to be made by Defendants within twenty (20) business days following receipt by Counsel for Defendants of an Order Approving this Agreement and Dismissing this Matter. An IRS 1099 Form will be issued to Carrasco regarding this payment. Carrasco understands

and agrees that he is responsible for the calculation, reporting, and payment of any and all taxes that might arise in connection with the payment described above and that Defendants shall not be liable for any taxes that might accrue or arise in connection with this payment. If any taxing authority or court determines that taxes, interest, and/or penalties are due and owing as a result of the payment to Carrasco described above, said taxes, interest and/or penalties shall be the sole obligation and liability of Carrasco who agrees to indemnify Defendants for any taxes owing. Carrasco agrees that he shall not seek additional monies from Defendants for any taxes or other monies that may be due or for any other reason whatsoever, and;

B.   Payment to counsel for Plaintiff to be made as follows:

A payment made payable to _____ of THREE THOUSAND DOLLARS ($3000.00) representing all attorney's fees and costs. Such payment to be made by Defendants within twenty (20) business days following receipt by Counsel for Defendants of an Order Approving Settlement and Dismissing this Matter. An IRS 1099 Form will be issued regarding this payment.

4.   In consideration and conditioned upon receipt of payment as described above, Plaintiffs do hereby release and forever discharge Defendants and any companies that are parents, subsidiaries, affiliates, franchisees or other entities related to or associated with Defendants and any of its past or present predecessors, successors, assigns, administrators, partners, officers, directors, employees, agents and attorneys from any and all claims that were or could have been asserted in the aforementioned civil action including, but not limited to any under the Age Discrimination in Employment Act of 1967, as amended ("ADEA"); Fair Labor Standards Act, 29 U.S.C. § 8 et seq. ("FLSA"); Americans with Disabilities Act, 42 U.S.C. § 12101 et seq. ("ADA"); Family Medical Leave Act ("FMLA"), 29 U.S.C. § 2601 et seq.; the Florida Civil Rights Act of 1991 ("FCRA"), Fla. Stat. § 760.01; Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e et seq. ("Title VII"), Section 1981 of the Civil Rights Act of 1866, 42 U.S.C. § 1981 et seq. ("Section 1981"), other claims of statutory violation, retaliation; constructive or wrongful discharge; all tort claims, intentional or otherwise; negligence claims; constitutional claims, including, but not limited to procedural and/or substantive due process and First Amendment claims; claims pursuant to any contractual relationship between the parties, claims for attorney's fees and costs, and any other claims or causes of action Plaintiff has or may have had arising out of his work for or association with Defendants, from the beginning of time up to and including the date of this Agreement. This is a general release. Except as otherwise agreed in Paragraph 3 of this Agreement, the parties shall bear their own attorney's fees and costs.

5.   This Agreement sets forth the entire agreement between the Parties hereto, and fully supersedes any and all prior agreements or understandings between the parties pertaining to the subject matter hereof. This Agreement may not be changed orally, and may only be modified in writing. This Agreement shall be interpreted and construed under the laws of the State of Florida. This Agreement shall be interpreted in accordance with the plain meaning of its terms and not for or against the drafter.

6. Plaintiff warrants that from the date of this Agreement, he, his attorney, and his agents have not and will not in the future disclose, communicate, disseminate, publicize, or cause or permit to be disclosed, communicated, disseminated or publicized any information other than the information contained in this Agreement or is otherwise public record

7. Plaintiff further agrees not to enter Defendants property nor apply for employment with Defendants nor to attempt to contract work with Defendants or any parents, subsidiaries or related entities and that any application or offer to perform services made by Plaintiff or on their behalf shall be denied per this Agreement and Plaintiff also agree to withdraw any employment application or offer to perform services that they have made which is currently pending. If Plaintiff seek employment or assignment at Defendants as employees, contractors or consultants or are hired, Defendants shall have a legitimate and valid reason to deny that application and/or terminate that relationship once learning of that Plaintiff's hiring or assignment.

9. In signing this Agreement, all parties expressly warrant that they have read and fully understand it. All parties acknowledge that this Agreement is voluntary and that no one is making or forcing either party to enter into it. All parties acknowledge that they have had an opportunity to consult with an attorney before signing it.

10. This Agreement may be executed simultaneously in counterparts each of which shall be deemed an original, but which collectively shall constitute one and the same instrument.

11. All warranties, representations, terms, conditions, covenants, agreements and releases contained herein shall survive this Agreement. Should any provision of this Agreement be declared or be determined by any court to be illegal or invalid, the validity of the remaining parts, terms or provisions shall not be affected thereby, and said invalid parts, terms or provisions shall be deemed not a part of this Agreement.

12. In entering into this Agreement, all parties represent that they have relied upon the legal advice of their attorney, who is the attorney of their choice, and that the terms of this Agreement have been completely read and that they fully understand and accept those terms.

13. All parties agree to cooperate fully, to execute any and all supplementary documents, and to take all additional actions which may be necessary or appropriate to give full force and effect to the basic terms and intent of this Agreement.

14. Should any provision of this Agreement be declared or determined by any court of competent jurisdiction to be illegal, invalid or unenforceable, the legality, validity and enforceability of the remaining parts, terms or provisions shall not be affected thereby, and said illegal, unenforceable or invalid part, term, or provision shall be deemed not to be part of this Agreement.

15. This Agreement may not be amended or modified in any respect whatsoever, except by a writing duly executed by the parties, and the parties each agree that they shall make no claims at any time that this Agreement has been orally amended or modified.

16. This Agreement may be enforced by any court having jurisdiction and relief shall include but not be limited to specific performance and injunctive relief.

17. This Agreement shall be binding upon PLAINTIFF and DEFENDANTS, and upon their heirs, administrators, representatives, executors, successors and assigns, and shall inure to the benefit of said parties and to their heirs, administrators, representatives, executors, successors and assigns.

DATED this 06 day of Nov, 2015.

PLAINTIFF:

___Guillermo Carrasco___
Guillermo Carrasco

DEFENDANTS:

By: _____
Authorized Agent of 123 Wash, Inc.

By: _____
Authorized Agent of Central Florida Mobile Wash, Inc.

4